UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                                                                 )  Case No._____
                                                                                            )
                                                                                            )  APPLICATION TO EMPLOY ATTORNEY,
                                                                                            )  ATTORNEY CERTIFICATION,
Debtor(s)                                                                      )  **AND ORDER THEREON**

     The undersigned trustee applies to employ _____,
OSB#_____, whose address is _____,
as attorney to assist in the estate's administration, and certifies that:

(1) The proposed method of compensation (e.g., hourly rate) and, if relevant, the attorney's present rate of compensation is:

(2) The trustee estimates that the total legal fees for all of the services to the estate will be $_____.
If the estimate is $15,000 or greater the trustee represents that proposals to provide the services were solicited from at least two different firms and such proposals were considered in view of the trustee's fiduciary duty to economically administer the estate.

(3) The trustee will require the assistance of said attorney to provide the following legal services:

     (A) Discrete Matters (for each matter describe the matter and the potential benefit to the estate).

(B) To provide incidental legal services to the trustee regarding the administration of the estate. Fees for said services shall not exceed the greater of $1,000 or 10% of the total compensation requested by said attorney.

(4) The trustee selected said attorney because:

(5) To the best of the trustee's knowledge said attorney has no connections with the entities listed in the verification below, except as described therein.

(6) This application was either sent to, or filed with, the court on the date shown in the certification below.

DATE: _____                    _____
                                                        Trustee

I, the attorney named above, verify that I will be the trustee's attorney of record; I have read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and my firm has no connections with the debtor(s), creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, any other party in interest, or their respective attorneys or accountants, except as follows:

DATE: _____                    _____
                                                        Attorney at Law

_____
Type or Print Name/OSB #

**THE UNDERSIGNED, _____, CERTIFIES THAT ON _____ THIS APPLICATION WAS EITHER SENT TO, OR FILED WITH, THE COURT.**

_____
SIGNATURE

**IT IS ORDERED** that employment of the above named attorney is authorized retroactively to the date in the certification above upon which the application was either sent to, or filed with the court, as certified above; that compensation of said attorney shall be authorized upon compliance with local procedures and subject to review pursuant to 11 U.S.C. §330.

###

753.90 (9/1/05) **Page 2 of 2**

# Exhibit A to Application to Employ Attorney and Attorney Certification
*In re Stanley Eugene Ash*
U.S. Bankruptcy Court, District of Oregon Case No. 16-33831-rld7

As of the date of this application, Ball Janik has performed a comprehensive conflicts check with respect to the Debtor, which revealed no conflicts.

Ball Janik has also performed a full conflicts search of the creditor matrix, Schedules and Statement of Financial Affairs, which revealed no connections with creditors, co-debtors or parties to litigation involving the Debtor, except as follows:

Ball Janik represents or previously represented the parties listed below in matters unrelated to this Chapter 7 case.

- State of Oregon Department of Justice ("ODOJ"): The State of Oregon Department of Revenue has filed an unsecured priority claim in the Debtor's case in the amount of $3437.72. Ball Janik is under contract with ODOJ to represent specific state agencies that have real estate needs. Ball Janik has no open matters for any ODOJ/state agencies as of the date of this application. Ball Janik's prior work for ODOJ is not related to this Chapter 7 case.

- Holland Residential, LLC: Ball Janik represents Holland Residential, LLC, (which may an affiliate of Holland Partner Group Management, Inc. and RECAP/Holland Brenchly Estates Investors, L.P.) on land use matters which are unrelated to this bankruptcy case and has previously represented Holland Residential, LLC and certain other affiliate entities in unrelated land use and real estate matters.

Ball Janik's understanding is that Stanley Ash is the principal owner of Thunderbird Mobile Club, LLC ("Thunderbird"). From public pleadings, it appears that Thunderbird and Ash entered into a partnership agreement with Holland Partner Group Management, Inc. formerly knowns as Holland Partners Capital Management, Inc. ("HP") and RECAP/Holland Benchley Estates Investors, L.P. ("RECAP"). The limited partnership was Benchley Estates Partners, L.P. The limited partnership owned land in Wilsonville, Oregon (the "Property").

In 2011, Ball Janik performed certain land use work to obtain entitlements for the Property. Once the land use work was completed in 2011, Ball Janik had no further involvement with the Property and at no time had any involvement in the structuring or internal affairs of Benchley Estates Partners, L.P. The Ball Janik attorneys who were principally involved in the land use work for the Property in 2011 were Dana Krawczuk, now at Perkins Coie, and Laura Cooper, now at Brix Law.

Prior to the bankruptcy case, HP and RECAP filed an interpleader complaint in Clackamas County Circuit Court, Case No. 16CV2960 (the "Interpleader Action"). In the interpleader, HP and RECAP seek a declaration and judgment authorizing them to distribute $5,422,692 to Thunderbird and discharging them from additional liability related to the partnership with

Thunderbird and Ash. It appears Thunderbird asserts rights to the $5,422,692 at issue in the Interpleader and also asserts additional claims against HP and RECAP. Thunderbird and Ash are represented in the Interpleader Action by Corey Tolliver and the Folawn Richardson firm.

The Trustee is planning on employing Corey Tolliver and Folawn Richardson as special counsel for the estate in the Interpleader Action as to claims against HP and RECP. The Trustee proposes to hire Ball Janik to provide global advice to the Trustee on bankruptcy matters including evaluating any proposed settlements of the Thunderbird/Ash/HP/RECAP disputes in the Interpleader Action and to prosecute matters related to the liens and claims asserted by LJ Properties, Inc. and PatRick Ash, LLC, including following removal of the Interpleader Action.

Ball Janik does not represent HP or RECAP. Ball Janik does not believe that the firm's land use representation concerning the Property in 2011 is the same or substantially related to the current issues between HP, RECAP and Ash. Similarly, Ball Janik does not believe it has any knowledge from its land use work in 2011 that is material to the current disputes between HP, RECAP and Ash.

Ball Janik will search any additional potential conflicts as and when they arise.